UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIEMAKS AIRAPETIAN,<br><br>　　　　Defendant. | Case No.: 5:25-po-00189-CDB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 9) |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MUSHEH MURADIAN,<br><br>　　　　Defendant. | Case No.: 5:25-po-00192-CDB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 10) |

　　　Defendants Liemaks Airapetian (No. 5:25-po-00189-CDB, "*Airapetian*") and Musheh Muradian (No. 5:25-po-00192-CDB, "*Muradian*") are charged by citations with violation of 18 U.S.C. § 1382 – Entering Military Property for a Prohibited Purpose.  Pending before the Court are Defendants' motions to dismiss, filed September 23, 2025.  (*Airapetian*, Doc. 9; *Muradian*, Doc. 10).  On October 21, 2025, the government timely filed an opposition to both motions.  (*Airapetian*, Doc. 11; *Muradian*, Doc. 12).  Each Defendant timely filed a reply on November 18, 2025.  (*Airapetian*, Doc. 12; *Muradian*, Doc. 13).  The Court convened for hearing on Defendants'

1

motions on December 2, 2025, at which counsel for the government, Matthew Norwood, and counsel for Defendants, Laura Myers, appeared. Following submittal of the motions for decision, on December 9, 2025, the government filed an improper sur-reply in both actions without leave of Court and in violation of Local Rule 430.1, prompting the Court to strike the filings. (*Airapetian*, Docs. 16, 17; *Muradian*, Docs. 17, 18).

**Factual Background**

On April 13, 2025, a patrolman of the U.S. Department of Defense Police received a report that an "unauthorized" vehicle was driving on the Roasmond Lakebed. The patrolman responded to the scene, identified the vehicle traveling in the Rosamond Lakebed, and activated his forward facing red and blue lights. The vehicle exited the lakebed and the patrolman conducted a traffic stop of the vehicle on W. Roasmond Blvd. Upon contacting the occupants, the patrolman learned that the vehicle was being driven by Defendant Muradian and Defendant Airapetian was a passenger. After receiving and reviewing Defendants' identification documents, the patrolman issued a citation to Defendants charging them both with a violation of 18 U.S.C. § 1382. The face of the citation describes the offense as "Trespassing on Government Property," and in the accompanying probable cause statement, the citing patrolman states the citation was "for trespassing on an uncontrolled active runway."

**Governing Legal Standard**

**A. Motion to Dismiss**

Under Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure, which is applicable in "petty offense" cases (*see* Fed. R. Crim. P. 58(a)), a defendant may file a pretrial motion "alleging a defect in the indictment" for its "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). Where the charged crime is a petty offense, such as a Class B or Class C misdemeanor, the government may proceed by issuing a citation or violation notice instead of seeking an indictment or filing an information. *See* Fed. R. Crim. P. 58(b)(1). Such a citation or violation notice "is the functional equivalent of an indictment or an information." *United States v. McClure*, 364 F. Supp. 2d 1183, 1185 (E.D. Cal. 2005). Accord, *United States v. Moore*, 586 F.2d 1029, 1031 (4th Cir. 1978).

An indictment or information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A charging document is constitutionally adequate if it "contains the elements of the offense charged and fairly inform[s] a defendant of the charge against which he must defend," and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "The requirement that a charging document must furnish a defendant with a sufficient description of the charge against him has long been recognized to serve a dual function, namely (1) to enable the defendant to adequately prepare his defense and (2) to enable him to plead double jeopardy against a second prosecution." *United States v. Rojo*, 727 F.2d 1415, 1418 (9th Cir. 1983) (citation omitted). A defective charging instrument that fails to charge an essential element of the crime must be dismissed. *See United States v. Kurka*, 818 F.2d 1427, 1431 (9th Cir. 1987).

**B. 18 U.S.C. § 1382**

18 U.S.C. § 1382 prohibits the going "... upon any military ... installation ... for any purpose prohibited by law or lawful regulation...." Unlike common law trespass, § 1382 "'requires that the initial entry be made for a prohibited purpose.'" *United States v. Cottier*, 759 F.2d 760, 762 (9th Cir. 1985) (quoting *United States v. Hall*, 742 F.2d 1153, 1154 (9th Cir. 1984)). The "purpose prohibited by law" requirement of the statute "is satisfied if the defendant *knows* that his entry is unauthorized." *Id.* (emphasis in original). Thus, for instance, if the commander of the installation a defendant is charged with unlawfully accessing restricted entry to the installation under the commander's lawful authority, the "purpose prohibited by law" requirement would be satisfied if the defendant "*knew* his entry was unauthorized." *Id.* (emphasis in original). Stated otherwise, "[w]here entry alone is the basis of the violation, knowledge that the entry is unauthorized is an essential element of a section 1382 offense." *Id.* (citing *United States v. Patz*, 584 F.2d 927, 929 (9th Cir. 1978) & *Hall*, 742 F.2d at 1155). Accord *United States v. Parrilla Bonilla*, 648 F.2d 1373, 1377 (1st Cir. 1981) ("when a section 1382 prosecution proceeds on the basis that the defendant has entered a restricted military reservation 'for the purpose of' unauthorized entry, we think it must be shown that the defendant had knowledge or notice that

such entry was, in fact, prohibited.").

**Discussion**

The citations are defective because they fail to contain an essential element of the crime charged – to wit, that the Defendants entered the installation for a purpose prohibited by law. Thus, for instance, the citations do not identify a specific statute or regulation that Defendants allegedly intended to violate when they entered the installation. *Cf. Hall*, 742 F.2d at 1154 ("Appellants were charged by information with going upon the Air Force Base '*for a purpose prohibited by lawful regulation*, that is, unauthorized entry; in violation of Title 18, United States Code, § 1382, *and Base Regulation 125–8.*'") (emphasis added); *Parrilla Bonilla*, 648 F.2d at 1377 ("The informations charge appellants with entering Camp Garcia Annex *for the purpose of violating 32 C.F.R. s 765.4 and Naval Instruction 5510.9H*, both 'lawful regulations.'") (emphasis added).

In opposition, the government argues that the citations adequately allege the "purpose prohibited by law" element because the incorporated probable cause statements document that Defendants were observed by the citing officer traveling on a lakebed (*Airapetian*, Doc. 11 at 2-3; *Muradian*, Doc. 12 at 2-3) and the citations both charge Defendants with trespassing on a restricted runway (*Airapetian*, Doc. 11 at 4; *Muradian*, Doc. 12 at 4). But even assuming that accessing the lakebed is unlawful, the citations do not allege that Defendants entered the installation for the purpose of unlawfully accessing the lakebed.

Although the "purpose prohibited by law" element can be satisfied in the alternative where a defendant knew his entry was unauthorized, here, the citations do not plead that Defendants knew their entry was prohibited. Nevertheless, the government also appears to argue that Defendants, in fact, knew that their entry was unlawful by proffering in its opposition papers extrinsic facts not alleged in the citations – specifically, that the lakebed Defendants allegedly and unlawfully accessed is prominently marked with signage noting its restricted and "off limits" status (*Airapetian*, Doc. 11 at 2; *Muradian*, Doc. 12 at 2). The government relatedly argues that "evidence will prove [the lakebed] is clearly marked as a restricted area and closed to the public" (*id.* at 3) and similarly argued at the motion hearing that discovery would reveal to Defendants

1 the theory of the prosecution. These arguments are improper because, on a motion to dismiss, the
2 Court looks only to the charging document to determine whether it adequately advises a defendant
3 of the elements of the charged offense such that he may adequately prepare his defense and enable
4 him to plead double jeopardy against a second prosecution. *Rojo*, 727 F.2d at 1418.[1] As set forth
5 above, the government neither pleaded that Defendants entered the installation for a prohibited
6 purpose (for instance, "for the prohibited purpose of accessing an uncontrolled, active runway")
7 nor that Defendants knew their entry was unlawful. Nor do the citations contain sufficient facts
8 to establish Defendants knew their access was unlawful (for instance, by alleging that the
9 restricted space is prominently marked as such).

10 Because the citations fail to charge an essential element of the crime, the citations must be
11 dismissed. *See Kurka*, 818 F.2d at 1431 (9th Cir. 1987).

12 **Conclusion and Order**

13 For the reasons stated above, the citations are DISMISSED.

14 The Clerk of the Court is DIRECTED to close these cases.

15 IT IS SO ORDERED.

16 Dated: **January 5, 2026**

17 UNITED STATES MAGISTRATE JUDGE

---

[1] The government's related arguments (*see Airapetian*, Doc. 11 at 2-3; *Muradian*, Doc. 12 at 2-3) relying chiefly on *United States v. Mowat* (582 F.2d 1194 (9th Cir. 1978)) and *Cottier* are unpersuasive because the Ninth Circuit in those cases resolved post-trial sufficiency of the evidence challenges where the facts demonstrated the defendants had actual knowledge of the relevant prohibition, not (as here) challenges to the adequacy of a charging instrument.

5